Battle,
 
 J.
 

 Several interesting questions are presented by fhe pleadings, and have been discussed in the argument, but c.n tiie view which we feel constrained to take of the case, it is only necessary for us to notice one of them. The bill was ¡filed after the expiration of the charter of the company for whose debts, private property of the defendants, as individual stockholder, is sought to be made liable. It is a well settled principle of the eommon law, that upon the dissolution •of a corporation, its debts become extinet. This principle was held, in the case of
 
 Fox
 
 v. Horah, 1 Ired. Eq. 358, to be in full force in this State. Hence, when the “ Phenix Company” expired by the limitation of its charter on the 1st day of January, I860, it ceased to owe any debts, because it no longer had any existence by which it could be a debtor. The question, then, is, could the private property of the persons, who were the individual stockholders of the company at the time of its dissolution, be made liable under the 10th section of the act of incorporation, for such of its debts as were then
 
 *346
 
 unpaid ? The proper answer to this question depends upon another
 
 enquiry,
 
 that is, whether the responsibility imposed by the act upon the individual stockholders, is a primary or only a secondary liability. The language of the charter, after creating the corporation, with the usual powers and privileges, for the purpose of manufacturing wool and cotton goods, and after prescribing various regulations ordinarily found in charters of the like kind, declares, in the 10th section, “ that the private property of the individual stockholders shall be liable for all the debts, contracts and liabililies of the corporation in proportion to the stock subscribed by each individual.” The responsibility thus imposed upon the- individual stockholders is, we think, manifestly a secondary one ; be-because it makes them liable for the debts of another person, .to wit: the corporation. Such a liability ivas amply sufficient for the security of the creditors of the company, should they be diligent in enforcing it, during the existence of the corporation, while, to have made it greater, would, in a considerable degree, have tended to defeat the purposes for which the company was created. The liability of the individual stockholders being thus a secondary one for the debts of the company, it follows that when the corporation expired and its debts became thereby
 
 extinct,
 
 their liability became
 
 extinct
 
 also. As long as there were debts of the company to be paid, the stockholders were bound to pay- them, if necessary, out of their private means; but when the debts of the corporation ceased to exist, as such, there remained nothing upon which to attach a responsibility on those who had been members of the defunct company.
 

 This view of the subject is sustained, as we think, 'by the analogy which it bears to the remedy, which is given by the act of 1806, (Rev. Code, chap. 60, sec. 7,) to creditors against the persons to whom debtors have made a fraudulent conveyance of their property. The remedy given is a
 
 scife facias
 
 upon the judgment obtained by the creditor against his debt- or, against the person to whom the property of the debtor lias been fraudently conveyed for the purpose of defeating the
 
 *347
 
 debt. In the case of
 
 Wintry
 
 v.
 
 Webb,
 
 3 Dev. Rep. 27, it was decided that the proceeding depended upon the original action of the creditor, and to sustain it, the judgment in that action mu^t be in foree. Hence, when it appeared in the case, that the defendant in the judgment in the original suit, was dead, and no person had administered upon his estate,
 
 it.was held
 
 that the
 
 seir-e faeias
 
 against the alleged fraudulent grantee, could not be sustained. In that case, the secondary proceeding depended upon the existence of a valid judgment, in the first, while in the case, now before us, the proceeding against the individual stockholders, depends upon the existence of a debt of a corporation, of which they are members. The dormancy of the judgment in the one case, and the extinction of the debt in the other, alike deprive the creditor of his remedy. The demurrer must be sustained, and the bill dismissed.
 

 Pkií Cueiam, Bill dismissed.